UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THOMAS HUGHES,

         Plaintiff,

  -against-                              CV 09-4042
                                          (SF)(WDW)
NEW YORK STATE UNIFIED COURT SYSTEM,
KEVIN ANDERSON, In his Official Capacity and
Individually, and ALEX PASTORI, In this Official
Capacity and Individually,

         Defendants.
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ANDERSON'S
<u>MOTION TO DISMISS THE COMPLAINT</u>**

ANDREW M. CUOMO
Attorney General of the State of New York
200 Old Country Road, Suite 240
Mineola, New York 11501
(516) 248-3317
Attorneys for Defendant Kevin Anderson

TONI E. LOGUE
Assistant Attorney General
Of Counsel

PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support of the motion to dismiss this action as against defendant Kevin Anderson for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative, for failure to state a claim pursuant to Rule 12(b)(6).

**COMPLAINT**

This complaint was filed on September 18, 2009. (See Complaint, attached as Exhibit A to Declaration of Toni E. Logue, dated February 25, 2010 [hereinafter "Logue Decl."]).  The plaintiff alleges that he was first hired by the New York State Unified Court System ("UCS")[1] in March 1996 as a court officer.  (Complaint at ¶ 12).  Plaintiff alleges that defendant Anderson was the Major in charge of the Nassau County District Court Officers. (Complaint at ¶ 17).

Plaintiff alleges that "[s]ince in or about 2000, Defendants have retaliated against Hughes based upon exercising his rights to freedom of speech . . . ".  (Complaint, ¶ 20). The only facts alleges relating to this claim are that "[i]n or about 2003, Anderson mistakenly believed that Hughes reported that Anderson and other Court Officers were engaging in misconduct in connection with their second jobs at Shea Stadium. . . ", but that "Hughes, however, never made such complaint . . ."  (Complaint, ¶¶ 21-22).

Plaintiff further alleges that defendant Anderson was notified of plaintiff's medical condition, specifically, depression, anxiety and insomnia in or about March 2005 (Complaint at ¶¶ 25, 26).  Plaintiff alleges that defendant Anderson made false

---

[1] Plaintiff voluntarily dismissed this action as against the New York State Unified Court System by Notice dated December 1, 2009.  (See Exhibit B to Logue Decl.).

allegations that he attempted to hit the other named defendant, Sergeant Pastori,[2] with his car, and threatened defendant Pastori verbally. (Complaint at ¶¶ 31). Plaintiff alleges that based upon a hearing held regarding disciplinary charges brought against him by UCS, a determination to terminate him was made on October 29, 2008. (Complaint at ¶¶ 41, 43).[3]

Plaintiff claims that defendants Anderson and Pastori "retaliated against him based upon exercising his rights to freedom of speech, forced Hughes to endure a hostile work environment, discriminated against Hughes based upon his disability, and retaliated against Hughes for complaining of discrimination and retaliation." (Complaint at ¶ 20). The Complaint is against defendants Anderson and Pastori in both their official and personal capacities. Plaintiff alleges discrimination based on disability and his exercising his First Amendment freedom of speech rights pursuant to 1) the Americans with Disability Act ["ADA"](42 U.S.C. § 12112, et seq.), 2) New York Human Rights Law ["NYSHRL"] (New York State Executive Law § 290, et seq.), and 3) 42 U.S.C. § 1983. (Complaint at ¶¶ 45-47). Plaintiff seeks substantial monetary damages, including compensatory damages (lost compensation, front pay and back pay, emotional and psychological damages), punitive damages and reinstatement. (Complaint at "Wherefore" statement).

---

[2]  Upon information and belief, Sergeant Pastori has never been served.

[3]  Plaintiff filed an Article 78 Petition pursuant to the New York State Civil Procedure Law and Rules on February 20, 2009. (See Exhibit C to Logue Decl.). Therein, he seeks to vacate, annul and set aside UCS's decision to termination plaintiff, dated October 24, 2008. As this Petition requested a substantial evidence review of the evidentiary hearing which led to the plaintiff's termination, the matter was transferred to the Appellate Division, Second Department by Order, dated May 13, 2009. (See Exhibit D to Logue Decl.). The Appellate Division matter, which now bears the Index number 5264/2009, is still pending.

## **ARGUMENT**

### **I.**

### **ALL CLAIMS AGAINST DEFENDANT ANDERSON PURSUANT TO THE ADA MUST BE DISMISSED**

The Americans with Disabilities Act (the "ADA") is a comprehensive statute that prohibits discrimination against individuals with disabilities. *See Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004).

Defendant Anderson is sued in both his individual and official capacities. Defendant Anderson, however, may not be held personally liable for the alleged violations under the ADA. *Green v. City of New York*, 465 F.3d 65, 76 (2d Cir. 2006); *Menes v. CUNY Univ. of New York*, 92 F.Supp.2d 294, 306 (S.D.N.Y.2000); *see also, Sutherland v. New York State Dep't of Law*, 1999 WL 314186, at *7 (S.D.N.Y. May 19, 1999) ("Individual defendants may not be held personally liable for alleged violations of the ADA. . . .") (citations omitted); *Harrison v. Indosuez*, 6 F.Supp.2d 224, 229 (S.D.N.Y.1998); *Cerrato v. Durham*, 941 F.Supp. 388, 395 (S.D.N.Y.1996); *Yaba v. Cadwalader, Wickersham & Taft*, 931 F.Supp. 271, 274 (S.D.N.Y.1996).

Furthermore, defendant Anderson may not be held liable in his official capacity under the ADA. *See Lane v. Maryhaven Ctr. Of Hope,* 944 F.Supp. 158, 162-63 (E.D.N.Y. 1996) (stating that individuals, named in their official or representative capacities as defendants, may not be held liable under the ADA); *Sutherland*, 1999 WL 314186, at *7 (citations omitted). The statutory definitions of "employer" in Title VII and the ADA are the same, so if the text of Title VII excludes individuals, the text of ADA also excludes individuals. Harrison v. Indosuez, 6 F. Supp. 2d 224, 229 (S.D.N.Y.

1998).  Clearly, plaintiff's ADA claim as against defendant Anderson, both in his individual and official capacities, must be dismissed.

## II.

### THE FIRST AMENDMENT CLAIMS PURSUANT TO 42 U.S.C. §1983 MUST BE DISMISSED

**A.     Time Barred**

Because federal law does not specifically prescribe a statute of limitations for §1983 actions, courts borrow the analogous time limitation from the state in which an action arose.  See *Wilson v. Garcia*, 471 U.S. 261, 267 (1985); *Board of Regents v. Tomanio*, 446 U.S. 478 (1980); and *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975).  In New York, the state's three-year period for unspecified personal injury actions set forth in CPLR §214(5) governs §1983 actions.  See *Okure v. Owens*, 488 U.S. 235 (1989); and *Leon v. Murphy*, 988 F. 2d 303 (2d Cir. 1993).  For the reasons discussed below, plaintiff's claims alleging violation of his First Amendment Rights are time barred.

The Complaint alleges that defendant Anderson violated plaintiff's First Amendment Rights to free speech, brought pursuant to 42 U.S.C. §1983.  However, the only alleged facts regarding such claimed violation occurred in or about 2003.  Complaint, ¶¶ 21-22.  These claims must be dismissed because plaintiff failed to file his complaint within three years from the date on which his claims against these defendants accrued.

Federal law governs the date on which plaintiff's claims accrued.  See *Veal v. Geraci*, 23 F. 3d 722, 724 (2d Cir. 1994); *Woods v. Candela*, 13 F. 3d 564, 575 (2d Cir. 1994); *Morse v. Univ. of Vermont*, 973 F. 2d 122, 125 (2d Cir. 1992).  Under federal law

the accrual date is that date on which "plaintiff knows or had reason to know of the injury which is the basis of his action." See *Park v. Board of Trustees*, 654 F. 2d 856, 859 (2d Cir. 1981), *cert. denied*, 455 U.S. 1000 (1982); *Singleton v. City of New York*, 632 F. 2d 185, 191 (2d Cir. 1980), *cert. denied*, 450 U.S. 920 (1981).

Here, plaintiff alleges that in 2003, defendant Anderson mistakenly believed that plaintiff had reported that various court officers were engaging in misconduct, but then says he never made the report. Plaintiff, however, did not file this action until September 18, 2009. See Exhibit A to Logue Decl. Since plaintiff makes no factual allegations that his First Amendment rights were violated after September 18, 2006, all such claims are time barred.

**B.** **Covered Speech**

In addition to plaintiff's First Amendment claims being time barred, plaintiff admits that he never made the report that he was alleged to have made. Specifically, the Complaint alleges that, "[i]n or about 2003, Anderson mistakenly believed that Hughes reported that Anderson and other Court Officers were engaging in misconduct in connection with their second jobs at Shea Stadium. This was a matter of public concern as it involved wasting taxpayer's dollars. "(Complaint, ¶ 21). The complaint further alleges that "Hughes, however, **never made such complaint** . . . " (Complaint, ¶ 22)[emphasis added].

In determining whether a public employee's speech or activity qualifies for constitutional protection, the issue is to be settled by striking "a balance between the interests of the [public employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the

public services it performs through its employees" *Pickering v. Board of Education,* 391 U.S. 563, 568 (1968). The assumption in *Pickering*, as well as other cases that followed it, is that the person who claims that his right to free speech was violated, was actually **made** the statement, rather than unequivocally denying that he had made it. Therefore, plaintiff has failed to allege a viable claim of violation of his First Amendment rights pursuant to 42 U.S.C. §1983.

### III.

### PLAINTIFF'S REMAINING PENDANT STATE CLAIMS SHOULD BE DISMISSED

As set forth above, plaintiff's federal claims should be dismissed as against defendant Anderson. Therefore, defendant Anderson avers that this Court should decline to exercise pendent jurisdiction over the remaining state law claims against defendant Anderson, specifically, New York Executive Law §290, *et seq. See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 117-21(1984).

### CONCLUSION

Based on the above, this Court lacks subject matter jurisdiction over the claims pursuant to the ADA against defendant Anderson in both his individual and official capacities, and this jurisdictional defect as against defendant Anderson cannot be cured by an amendment to the complaint. Therefore, plaintiff's ADA claim as against defendant Anderson should be dismissed without leave to replead as against defendant Anderson. Likewise, as the statute of limitations has run regarding plaintiff's First Amendment claims, all claims alleging a violation of plaintiff's First Amendment rights pursuant to 42 U.S.C. §1983, must be dismissed from this action. Notwithstanding that

the First Amendment claims are time-barred, plaintiff has also failed to state a viable claim of violation of his right to Freedom of Speech.  Finally, as plaintiff's federal claims should be dismissed, defendant Anderson avers that this Court should decline to grant pendant jurisdiction of plaintiff's state law claim.

Accordingly, defendant Anderson respectfully requests this Court to grant his motion to dismiss this action as against him.

Dated:  Mineola, New York
        February 26, 2010

                                ANDREW M. CUOMO
                                Attorney General of the State of New York

                                By:_____/s/_____
                                    Toni E. Logue
                                Assistant Attorney General
                                200 Old Country Road, Suite 240
                                Mineola, New York 11501
                                Attorneys for Defendant Kevin Anderson

To:   The Law Offices of Steven A. Morelli, P.C.
      One Old Country Road, Suite 347
      Carle Place, New York   11514
      Attorney for Plaintiff