UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THOMAS HUGHES,

                Plaintiff,

               -against-

KEVIN ANDERSON, in his official capacity
and individually, and ALEX PASTORI, in his
official capacity and individually,

                Defendants.
----------------------------------------------------------X

**ORDER**
09-cv-4042 (ADS)(WDW)

**APPEARANCES:**

**Salvatore A. Lecci, Esq.**
*Attorney for the Plaintiff*
420 Jericho Turnpike
Suite 222
Jericho, NY 11753

**The Law Offices of Steven A. Morelli, P.C.**
*Attorneys for the Plaintiff*
1461 Franklin Ave.
Garden City, NY 11530
       By:     Steven A. Morelli, Esq., of Counsel

**New York State Attorney General**
*Attorneys for the Defendants*
200 Old Country Road, Suite 460
Mineola, NY 11501
       By:     Assistant Attorney General Toni E. Logue

**SPATT, District Judge.**

       The Plaintiff in this case, Thomas Hughes, initially filed his Complaint against the Defendants the New York State Unified Court System, Kevin Anderson, in his official capacity and individually, and Alex Pastori, in his official capacity and individually, on September 18,

2009, asserting causes of action pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.*, the New York State Executive Law, the New York State Human Rights Law, and 42 U.S.C. § 1983, based on violations of the First Amendment.  In short, Hughes claimed that the individual Defendants—his superiors Kevin Anderson and Alex Pastori—harassed him and ultimately caused his termination, in retaliation for his report to the Chief Clerk of the Nassau County District Court that some court officers, including Anderson, were leaving their posts early to work second jobs and falsifying their departure times on their timesheets.

On May 13, 2010, the Defendant Kevin Anderson filed a motion to dismiss for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim upon which relief can be granted.  United States District Judge Sandra J. Feuerstein, who was originally assigned to this case, granted the Defendant Anderson's motion to dismiss the complaint and also granted the claims against the Defendant Pastoria *sua sponte*.  This decision was appealed to the Second Circuit Court of Appeals in January 2011.  On November 21, 2011, the Second Circuit issued a mandate in which it vacated the judgment and remanded to the district court to give Hughes an opportunity to make certain arguments he had not had an opportunity to respond to previously.  The case was subsequently transferred to this Court.

On February 17, 2012, the Defendant Kevin Anderson again filed a motion to dismiss for failure to state a claim.  On April 13, 2012, Hughes filed a cross motion to amend the complaint.  On May 21, 2012, the Court referred the matter to United States Magistrate Judge William D. Wall for a recommendation as to whether the Defendant Anderson's motion to dismiss and the Plaintiff's cross-motion to amend the complaint should be granted.  On May 31, 2011, Judge Wall issued a Report and Recommendation, which made the following findings: 1) the Complaint should be dismissed with prejudice as to the Defendant Alex Pastori and Pastori

should be removed from the Amended Complaint if this Court allows the Amended Complaint to be filed; 2) the ADA claims are deemed withdrawn from the Complaint; 3) the Rooker-Feldman doctrine does not apply; 4) issue preclusion does not apply to the retaliation claims, but does apply to any request for reinstatement in the Amended Complaint; 5) both claims for damages and the request for injunctive relief against Anderson in his official capacity should be dismissed with prejudice; 6) the First Amendment retaliation claim is not barred by the statute of limitations; 7) the Amended Complaint sets forth a claim that speech occurred and there is no bad faith in the revised allegation; 8) the alleged speech concerned a matter of public concern; 9) although there is not enough detail in the record for the court to rule definitively that Hughes spoke as a private citizen, there is enough in the Amended Complaint for the claim to go forward; 10) if this Court does not allow the First Amendment claim to go forward, the state law claims should be remanded. No objections were filed to this Report and Recommendation.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); see, Fed. R. Civ. P. 72(b); Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) ("When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous.") (citation omitted).

No party has filed any objections to Magistrate Judge Wall's well-written and comprehensive Report. After reviewing the record, the Court is satisfied that the Report is not

facially erroneous. Accordingly, the Court accepts Magistrate Judge Wall's Report and Recommendation in its entirety, thereby (1) granting in part and denying in part the Defendant Anderson's motion to dismiss the complaint; and (2) granting the Plaintiff's cross motion to amend the Complaint as set forth in the Report.

## II. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Judge Wall's Report and Recommendation is adopted in its entirety; and it is further

**ORDERED** that the Complaint is dismissed with prejudice as to the Defendant Alex Pastori; and it is further

**ORDERED** that the ADA claims are deemed withdrawn; and it is further

**ORDERED** that both claims for damages and the request for injunctive relief against Anderson in his official capacity should be dismissed with prejudice; and it is further

**ORDERED** that the Plaintiff is directed to file and serve his amended complaint on Kevin Anderson, pursuant to the findings in the Report, by August 8, 2012.

**SO ORDERED.**

Dated: Central Islip, New York
July 26, 2012

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge